# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

DWAYNE R. QUINEY,

         Plaintiff,

vs.

PILOT/FLYING J TRUCK STOP,

         Defendant.

Case No. 2:17-cv-02691-GMN-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (EFC NO. 1-1)

Before the Court are Plaintiff Dwayne Quiney's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Plaintiff's *in forma pauperis* application is granted. The Court, however, orders that Plaintiff's complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

**I.  Plaintiff May Proceed *In Forma Pauperis***

Plaintiff's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, he makes $150-200 weekly through his work and has over $1,000 in monthly expenses, in addition to other debts. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

1

## II. The Court Does Not Clearly Have Jurisdiction Over This Case

### A. Legal Standard for Reviewing the Complaint

Because the Court grants Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

This case does not pose a federal question. Though Plaintiff cites 28 U.S.C. § 4101 (ECF No. 1-1 at 1), the statute merely provides a definition of defamation. The chapter of the U.S.C. containing that definition relates to recognizing foreign defamation judgments. 28 U.S.C. §4102. Plaintiff does not ask the Court to recognize a foreign defamation judgment against Defendant. Plaintiff is attempting to bring an original claim for defamation against Defendant. (ECF No. 1-1). Defamation is generally a state law claim. *See Adelson v. Hananel*, No. 2:06-CV-1590-ECR-PAL, 2009 WL 2835119, at *3 (D. Nev. Aug. 26, 2009). Therefore, the Court does not have jurisdiction over the case based on a federal question.

2

The complaint fails allege that the Court has diversity jurisdiction over this case. The complaint is not clear regarding who the potential defendants actually are. The complaint only lists Pilot/Flying J Truck Stop as a Defendant (ECF No. 1-1 at 1), but it contains allegations regarding Dollar General (*Id.*). In addition, the complaint contains no allegations regarding the potential defendants' states of incorporation or their principal places of business. *See* 28 U.S.C. § 1332(c)(1). However, the civil cover sheet indicates that at least one of the potential defendants resides in Tennessee. (ECF No. 1-2). This suggests that the deficiency in the complaint may be cured by allowing the Plaintiff an opportunity to file an amended complaint addressing the potential defendants' states of incorporation and their principal places of business. Plaintiff is advised that, should he decide to file an amended complaint in accordance with this order, the complaint must contain a short and plain statement of the grounds of this Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). This will also give Plaintiff an opportunity to provide other critical details in his amended complaint, such as when and where the alleged events took place.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until December 8, 2017 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order

on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 2nd day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE